IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-211-FL-1
No. 5:16-CV-482-FL

| | | |
|---|---|---|
| AARON CARMICHAEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 49, 52), which challenges petitioner's sentence in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling. For the reasons that follow, this court denies petitioner's motion to vacate.

## BACKGROUND

On January 13, 2015, petitioner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On May 19, 2015, this court sentenced petitioner to 72 months' imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed this court's judgment.

On June 23, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255,[1] arguing that in light of Johnson: 1) neither his North Carolina conviction for attempted robbery

---

[1] Two documents styled as motions to vacate have been filed in this matter: one was filed by petitioner's appointed counsel (DE 49) and the other was filed by petitioner proceeding pro se (DE 52). Because the issues overlap, this court construes the two documents as a single § 2255 motion.

with a dangerous weapon nor his conviction for conspiracy to commit robbery qualify as a "crime of violence" for purposes of U.S.S.G. § 2K2.1; and 2) this court erred in imposing the "4 level variance enhancement." On March 14, 2017, this court ordered petitioner to show cause, within 30 days, why his motion to vacate should not be dismissed in light of the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).[2] Petitioner failed to respond to the court's show cause order.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause

---

[2] On March 30, 2017, petitioner's appointed counsel moved to withdraw from representation, indicating she did not intend to pursue the matter further but that petitioner wanted to proceed pro se. The next day, this court granted counsel's motion to withdraw.

of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

In his first claim, petitioner relies on Johnson's reasoning to challenge application of a similar clause found in U.S.S.G. § 4B1.2(a) at the time of his sentencing. See U.S.S.G. § 2K2.1, cmt. n.1 (stating § 4B1.2(a) provides the definition for "crime of violence" in § 2K2.1). The Supreme Court recently held, however, that the Guidelines are not "amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, petitioner may not rely on Johnson's reasoning to challenge the calculation of his Guidelines imprisonment range.

Petitioner's second claim, which he raises pro se, relies on Johnson to challenge the court's decision to impose the "4 level variance enhancement." A review of the record reveals that no four-level sentencing enhancement was included in petitioner's Guidelines calculation. Moreover, to the extent that petitioner is challenging this court's upward variance, Johnson is irrelevant. Finally, this court can discern no basis on which petitioner's second claim could be cognizable on collateral review. See 28 U.S.C. § 2255(a) (providing that a motion to vacate may be based on the following grounds: the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack).

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on

3

collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 49, 52). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of May, 2017.

                                            LOUISE W. FLANAGAN
                                            United States District Judge